IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| David Tatarian, | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) |
| | ) **Jury Trial Demanded** |
| Weltman, Weinberg & Reis Co., LPA,) | |
| and Discover Bank | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.    Plaintiff David Tatarian ("Plaintiff") brings this action against

Defendant Weltman, Weinberg & Reis Co., LPA ("Weltman") pursuant to the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the

Michigan Collection Practices Act ("MCPA"), MCL § 445.251 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C.

§ 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b),

where the acts and transactions giving rise to Plaintiff's action occurred in this

district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.      Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

### THE FAIR DEBT COLLECTION PRACTICES ACT

6.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect

consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7.     In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

8.     "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

9.     "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

10.     Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Wayne, and City of Plymouth.

11.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.     Weltman is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.     Weltman is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14.     Discover is a creditor of Plaintiff's, who operates a business primarily other than that of a collection agency.

15.     Discover is a "regulated person" as defined by MCL § 445.251(g).

## FACTUAL ALLEGATIONS

16.     Plaintiff is a natural person allegedly obligated to pay a debt to Discover.

17.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit account with Discover (the "Debt").

18.     Weltman uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.     Weltman regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20.     In or around November, 2010, Discover reduced the Debt to a judgment against Plaintiff in the State of Michigan 16th Judicial District Court, Case No. 10-0845GC.

21.     At that time, Plaintiff made arrangements to pay the Debt.

22.     On or about September 30, 2016, Plaintiff made his final payment pursuant to a settlement arrangement, and the Debt was satisfied in full as of that date.

23.     In or around October 2016, Plaintiff disputed the Debt with the three major credit reporting agencies, each of which conducted a reinvestigation and deleted its public record tradeline for the Debt, noting that the judgment had been paid, satisfied, or released.

24.     However, Weltman continued to attempt to collect money on the Debt from Plaintiff subsequent to that date and through May 2018, including through garnishment.

25.     In doing so, Weltman made false representations to Plaintiff and to the court that the Debt was still outstanding and owed by Plaintiff.

26.     Weltman collected and/or attempted to collect money from Plaintiff above and beyond what was owed for the Debt.

27.     At all relevant times, Weltman acted on behalf of Discover, at its direction and/or with its actual or apparent authority.

28.     Among the methods used to attempt to collect the Debt, Defendants attempted to seize Plaintiff's 2017 Michigan state tax refund.

29.     Plaintiff incurred a $100.00 fee to his accountant to sort out the tax matter, caused by Defendants' conduct.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**WELTMAN**

30.     Plaintiff repeats and re-alleges each factual allegation above.

31.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

32.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

33.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

34.     Weltman violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Weltman violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**WELTMAN**

35.    Plaintiff repeats and re-alleges each factual allegation above.

36.    Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

37.    The FTC has stated that: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

38.    Weltman violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Weltman violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF MCL § 445.252(e)
## DISCOVER

39. Plaintiff repeats and re-alleges each factual allegation above.

40. Discover violated MCL § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Discover violated MCL § 445.252(e);

b)  Enjoining Discover from further violations of the MCPA, pursuant to MCL § 445.257(1);

c)  Awarding Plaintiff actual damages or $50.00, whichever is greater, pursuant to MCL § 445.257(2);

d)  Adjudging Discover's conduct to be a willful violation, and awarding not less than three times the amount of actual damages or $150.00, whichever is greater, pursuant to MCL § 445.257(2);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to MCL § 445.257(2);

f)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

41.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 19, 2018

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674

jpanvini@ThompsonConsumerLaw.com
Attorney for Plaintiff

11