UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TATARIAN,

    Plaintiff,

v.

    Civil Case No. 18-11946
    Honorable Linda V. Parker
    Magistrate R. Steven Whalen

WELTMAN, WEINBERG &
REIS CO., LPA, and DISCOVER
BANK,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 17)

Plaintiff David Tatarian ("Plaintiff") initiated this lawsuit against Defendants Weltman, Weinberg & Reis Co., LPA and Discover Bank (collectively, "Defendants"). (ECF No. 1). Plaintiff's Complaint alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.*, stemming from Defendants' attempts to collect on an allegedly fully satisfied debt. (ECF No. 1.) Presently, this matter is before the Court on Defendants'[1] Motion to Dismiss. (ECF No. 17.) The motion has been fully

---

[1] Defendant Discover Bank concurred in Defendant Weltman's Motion to Dismiss. (ECF No. 22)

briefed, including supplemental briefing, and the Court held a hearing on the motion on March 4, 2019. (ECF Nos. 17, 20, 21, 22, 32, 33, 34.)

I. **Factual and Procedural History**

Prior to November 2010, Plaintiff incurred a Debt with Defendant Discover Bank. (ECF No. 17 at PgID 56.) On November 29, 2010, Discover reduced the Debt and agreed to a Consent Judgment against Plaintiff in the amount of $8,815.91 plus $646.35 interest in the State of Michigan 16th Judicial District Court. (ECF No. 17-1 at PgID 68; ECF No. 20 at PgID 78.) Plaintiff agreed to pay $100 per month beginning on January 5, 2011 and continuing the 5th of each month until paid in full—a payment plan that would span roughly 95 months if strictly adhered to[2]. (*Id.*) Around September 30, 2016, Plaintiff allegedly made his "final payment" satisfying the Debt in full. (ECF No. 1 at PgID 5.) Defendants concede that Plaintiff made monthly payments from January 2011 to September 2016 (69 months), but challenge that Plaintiff satisfied the debt in full as of September 2016. (ECF No. 17 at PgID 57.)

Plaintiff alleges that Defendants continued to attempt to collect on the Debt from September 2016 through May 2018. (*Id.*) Defendants contend that all attempts to collect the Debt through May 2018 were proper to recover the

---

[2] The total amount, including interest, owed in accordance with the Consent Judgment is $9,462.26. If Plaintiff consistently made monthly payments of exactly $100, then the Debt would be fully paid in roughly 95 months.

outstanding amount owed. (ECF No. 22 at PgID 100.) Plaintiff further alleges Defendants violated the Fair Debt Collection Practices Act and the Michigan Collection Practices Act by making false representations that the Debt was still outstanding and attempting to collect money from Plaintiff above and beyond what was owed. (ECF No. 20 at PgID 79.)

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

### III. Applicable Law & Analysis

#### A. Standing

Standing under Article III requires a Plaintiff to demonstrate: (1) injury in fact, (2) fairly traceable to the challenged conduct of Defendants, and (3) likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Accepting Plaintiff's allegations as true, Plaintiff demonstrates his satisfaction of Article III standing. If the Debt at issue were sufficiently shown to have been paid in full, then Defendant's attempts to collect

4

on the paid Debt constitute a violation of a legally protected interest for which Plaintiff would be entitled to relief. Consequently, on Plaintiff's allegations alone, Article III standing is conferred.

### B. Failure to State a Claim

The FDCPA prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he false representation of the character, amount, or legal status of any debt. . . ." 15 U.S.C.A. § 1692e(2)(A).[3] Also, the MCPA prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. . . ." Mich. Comp. Laws § 445.252(e). In supporting his claims, Plaintiff failed to allege any specific conduct (other than the act of collecting debt) by Defendants that violate the FDCPA and MCPA. Plaintiff only generally alleges that Defendants made a false representation that the Debt was in fact not paid, and therefore, violates the FDCPA and MCPA through any and all of their assumed conduct aimed at collecting that Debt. Plaintiff's claims, however, survive dismissal only if he has sufficiently alleged that Defendants made unlawful attempts to collect a debt that was in fact *fully satisfied*.

---

[3] "The use of any false representation . . . to collect or attempt to collect any debt" is the second section under the FDCPA alleged to have been violated by Defendants in Plaintiff's Complaint. 15 U.S.C. § 1692e(10); ECF No. 1.

Pursuant to the Consent Judgment, Plaintiff agreed to make $100 monthly payments beginning in January 2011 and continuing until the Debt was paid in full. (ECF No. 1 at PgID 5; ECF No. 17-1 at PgID 68; ECF No. 20 at PgID 78.) If Plaintiff consistently made monthly payments of exactly $100, then the Debt would be fully paid in roughly 95 months.[4] Plaintiff challenges Defendants' argument that he failed to satisfy the debt arguing that Defendants' argument is based on a "false and unsupported premise" that Plaintiff only made $100 payments each month. (ECF No. 20 at PgID 87). Indeed, Plaintiff alleges that he made roughly 69 payments through January 2011 and September 2016. Plaintiff fails to specify, however, whether all of his payments were consistent with the Consent Judgment, that is, whether they were all for $100. Regardless, Plaintiff asserts that his "final payment," which he alleges wholly satisfied the Debt, was in accordance with a "settlement arrangement." (ECF No. 20 at PgID 83.)

After the motion hearing, Plaintiff submitted a letter dated May 22, 2018 from Discover Bank that memorialized the "settlement arrangement" referred to in his Complaint. (ECF No. 31). As of the date of that letter, Discover stated that Plaintiff's "account [wa]s paid in full." (*Id.*) The Court agrees with Defendants that the terms of the letter undermines Plaintiff's claim that the debt was satisfied as of September 30, 2016. Indeed, September 30, 2016 was the date of Plaintiff's

---

[4] *Supra* note 2.

last payment.  However, Defendants contend, and the letter supports, that Discover did not choose to forgive the balance of the Debt until May 22, 2018.  There is no allegation that Defendants engaged in any debt collection efforts after the issuance of their letter.  Each of Plaintiff's allegations against Defendants concern conduct prior to May 22, 2018.  Thus, Plaintiff's allegation that the Debt was fully satisfied prior to May 22, 2018 is an unsupported legal conclusion that need not be accepted by the Court.  The Court finds that Plaintiff's own documents undermine his allegations.  Therefore, the Court holds that Plaintiff has not sufficiently alleged any violation of the FDCPA and MCPA because he has failed to sufficiently allege Defendants' attempts to collect on a fully satisfied debt.

**IV.	Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 17) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/Linda V. Parker<br>LINDA V. PARKER<br>UNITED STATES DISTRICT JUDGE

Dated: March 28, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 28, 2019, by electronic and/or U.S. First Class mail.

                                                                       <u>s/R. Loury</u>
                                                                       Case Manager