# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID TATARIAN,

    Plaintiff,

v.

    Civil Case No. 18-11946
    Honorable Linda V. Parker
    Magistrate R. Steven Whalen

WELTMAN, WEINBERG &
REIS CO., LPA, and DISCOVER
BANK,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 37)

Plaintiff David Tatarian ("Plaintiff") initiated this lawsuit against Defendants Weltman, Weinberg & Reis Co., LPA and Discover Bank (collectively, "Defendants"). (ECF No. 1.) Plaintiff's Complaint alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.*, stemming from Defendants' attempts to collect on an allegedly, fully-satisfied debt. (ECF No. 1.) Presently, this matter is before the Court on Plaintiff's motion for reconsideration of the Court's order granting Defendants' motion to dismiss. (ECF No. 37.) For the reasons that follow, the Court denies Plaintiff's motion.

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(h)(3). Plaintiff argues that the Court, in dismissing his claims, committed a palpable defect by doing so with prejudice thereby precluding him from an opportunity to amend his claims. Plaintiff seeks to file an amended complaint that will allege his final payment pursuant to an alleged "settlement arrangement" was made on September 30, 2016—after the Consent Judgment but before Discover's May 22, 2018 letter noting the satisfaction of the Debt. Furthermore, Plaintiff seeks to assert additional details regarding the alleged "settlement arrangement" made prior to his final payment. In essence, Plaintiff seeks to allege that Defendants engaged in debt collection activities after the Debt was fully satisfied pursuant to the parties' alleged "settlement arrangement" thereby violating state and federal debt collection laws.

The Court concludes that Plaintiff has failed to demonstrate a palpable defect and, even assuming Plaintiff met his burden, he has also failed to show that correcting the defect will result in a different disposition of the case. Plaintiff's proposed amendments to his complaint would only add factual details to an issue that is dispositive as a matter of law. First, Plaintiff's alleged "settlement arrangement" is one that must be in writing. Mich. Comp. Laws § 566.132(2)(b)

("An action shall not be brought against a financial institution to enforce [a promise or commitment to . . . modify . . . repayment or performance of a loan, extension of credit or other financial accommodation. . . . [and] an agreement, contract, or promise [concerning the same] is void unless . . . in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise . . . ."). Second, for the alleged "settlement arrangement" to have been binding with regard to the Consent Judgment, it must have been made in open court or evidenced in writing. Mich. Ct. R. 2.507(G) ("An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.")

Plaintiff has failed to abide by either of these requirements. The only evidence demonstrating satisfaction of the Debt is Discover's May 22, 2018 letter. Again, "[p]laintiff's allegation that the Debt was fully satisfied prior to May 22, 2018 is an unsupported legal conclusion that need not be accepted by the Court." (ECF No. 37 at 7, PgID 141.) Because Defendants' alleged debt collection activities all occurred prior to the date of its letter, Plaintiff still fails to sufficiently state a claim upon which relief could be granted.

Accordingly,

**IT IS ORDERED,** that Plaintiff's motion for reconsideration (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 21, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 21, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
